## J. W. WEXEL v. CAMERON, GRIER & CO.

In a suit upon a note it is not necessary to state where either the note or the indorsement was made.

A promissory note is a written engagement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money, at a time therein specified. (Paschal's Dig., Art. 220, Note 283.)

Where the maker resided beyond the limits of the state, and the indorser was sued at the first term of the court after the note matured, he was *held* to be liable; and also that it was unnecessary to decide upon the effect of the special indorsement or the necessity of a government stamp thereto.

APPEAL from Cameron. The case was tried before Hon. ELISHA BASSE, one of the district judges.

The suit was instituted on the 11th day of August, 1867, against J. W. Wexel, as indorser on a note, which reads as follows:

"Twelve months after date, I promise to pay J. W. Wexel or order five hundred dollars, for value received.

RUSH PLATT.

"MARCH 23, 1866."

The indorsement was as follows:

"I assign the within note to Cameron, Grier & Co., for value received of them, waiving all demand and notice, in law or equity, this 30th day of March, 1866.

"J. W. WEXEL."

The defendant in the court below filed a general demurrer, 1. Because suit was not brought against Rush Pratt, the maker; 2. Because the christian names of the persons composing the firm of Cameron, Grier & Co. were not stated. The court sustained the exceptions of defendant, and allowed plaintiffs to amend their petition, alleging the joint indebtedness of Pratt with Wexel, and averring that Pratt, the maker of the note, was not a resident of the State of Texas.

The defendant, Wexel, filed a general demurrer to the original and amended petition, 1. Because the petition

did not show where the note with the indorsement was made; and, 2. Because to the assignment of said note there was no internal-revenue stamp affixed, as required by law.

The plaintiffs having dismissed as to Pratt, not served, the case was submitted to the court; and, the note being offered in evidence, it was objected to by the defendant, upon the ground that the indorsement constituted a waiver of protest, notice, and demand, and that there was no internal-revenue stamp affixed, as required by law. The court over-ruled the objection, and gave judgment for plaintiffs for the principal and interest found due upon the note; from which judgment the defendant appealed, and assigned the several rulings as error.

*W. P. Ballinger*, for appellant.—I. The note indicates no place at which it was made. There can be no pretext that it is to be held as the law of pleading in this state that a promissory note can be declared on with no averment as to the place of the making or execution of said note, and that this will be sustained against special exceptions.

II. The assignment of the note contained a waiver of demand and notice, and required a revenue stamp to render it valid as to the waiver. All agreements do require a stamp; and because an agreement is added to an indorsement, the agreement does not any the less require a stamp.

"Indorsement is the transfer of a negotiable note or bill." (2 Pars. on Notes and Bills, 1, 2.)

" Where there are several distinct agreements or contracts in the same instrument, there must be distinct stamps for each one of them, and this whether all be original and independent, or some be leading and others callateral and accessory." (3 Pars. on Cont., 298.)

*I. P. Bigelow*, for appellee.—I. By the 160th section of the act of the 30th of June, 1864, the indorsement of a negoti-

able note was specially exempted from any stamp duty. (13 U. S. Stats. at Large, p. 294, sec. 160.)

Afterward congress passed what is known as the act of 3d of March, 1865, the 1st section of which amended a number of sections of the act of 30th of June, 1864, and, among others, made some slight amendments to section 160 of that act, but left the provision exempting negotiable notes from stamp duty precisely the same in the act of 3d of March, 1865, as it was in the law of 30th of June, 1864.

II. The law will presume that the note was made in Cameron county, Texas, where the suit was instituted. And the law of the place where the contract was made regulates the rights and duties of the parties. (Story on Prom. Notes, p. 173, § 159; ib., p. 425, § 339.)

In cases of promissory notes, by English and American commercial laws, no protest is required to be made upon the default of the maker or indorser; and where there are any exceptions in America they stand upon the positive requirement of some statute, or of some general usage equally obligatory. (Story on Prom. Notes, p. 354, § 297.)

But by decisions of this court in the cases of Fisher v. Phelps, 21 Tex., 554; Payne v. Patrick, 21 Tex., 683; Locke v. Huling, 24 Tex., 12; and Pryor v. Butler, 27 Tex., 271, it appears that the provisions of article 232, Paschal's Digest, relating to the fixing of the liability of drawers and indorsers by protest, relate only to transactions between merchant and merchant, their factors and servants.

MORRILL, C. J.—Appellees instituted suit on the 11th August, 1867, against appellant, based upon a note made by Rush Platt, on the 23d March, 1866, payable at twelve months to the order of appellant, calling for $500 on the 30th of March, 1866. Appellant assigned the note to appellees, waiving all demand and notice, in law or equity.

The allegations of the petition were, that the maker of the note resided in the State of Georgia, and was not a resident of Texas. It is admitted that the suit was brought at the first term of the district court after it became due.

A judgment was rendered on the note against the indorser, who has appealed, and assigns as error: 1. It is not stated in the petition where said note was executed or where indorsed. 2. The assignment is not stamped.

To the first assigned error it may be replied, that it is not stated in the note or indorsement where either was made, and it is not necessary that it should be so stated, alleged, or proved, to make either legal.

A promissory note is defined by Story to be a written engagement by one person to pay another person, therein named, absolutely and unconditionally, a certain sum of money, at a time therein specified. And to name the place where or the time when made would have no effect whatever. The cause of action is described as it is, and we think it would be improper to make superfluous allegations.

The suit was brought at the first term of the court after the note became due, which fixed the liability of the indorser, and this circumstance renders it unnecessary for us to discuss the question whether the waiver of demand and notice required a stamp. There is no error in the judgment, and it is

Affirmed.